IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID C. FORNEY, | ) | 4:09CV3033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAILY TIMES NEWSPAPER, | ) | **MEMORANDUM** |
| STATE OF WYOMING, | ) | **AND ORDER** |
| FRUEDENTHAL, Govenor, | ) | |
| CARBON COUNTY, WYOMING, | ) | |
| STATE OF NEBRASKA, | ) | |
| HINEMAN, Govenor, KEITH | ) | |
| COUNTY, NEBRASKA, JERRY | ) | |
| COLSON, Carbon County Sheriff, | ) | |
| and CARBON COUNTY SHERRIF, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on February 13, 2009. (Filing No. 1.) Also pending before the court are Plaintiff's Motion for an Order for access to a typewriter (filing no. 8), Plaintiff's Motion for the Court to hear pleadings (filing no. 28), Plaintiff's Motion for information to be heard (filing no. 35), Defendant Rawlins Newspaper's Motion to Dismiss (filing no. 24), Defendant Keith County, Nebraska's Motion to Dismiss (filing no. 30), and Defendant Carbon County, Wyoming, and Defendant Jerry Colson's Motion to Dismiss (filing no. 37). Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 29.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  PLAINTIFFS "RETURN OF SERVICE" FORMS

Before the court conducts an initial review of Plaintiff's Complaint, a preliminary matter must be addressed. Shortly after filing his Complaint, Plaintiff drafted several documents entitled "Subpoena" and sent them to the Sheriff's Offices in Lancaster County, Nebraska, Keith County, Nebraska, Carbon County, Wyoming, and Laramie County, Wyoming. With the exception of the "Subpoena" delivered to the Lancaster County Sheriff, who refused to process it without a court date, all of Plaintiff's "Subpoenas" were served upon the Defendants. (Filing Nos. 9, 15, 17, 18, 19, 20 and 21.)

Plaintiff, who is proceeding *pro se* and in forma pauperis, did not request these "Subpoenas" from the Clerk of the court and is not authorized to issue subpoenas of his own. Fed. R. Civ. P. 45(a)(3). In addition, he may not serve summons on a defendant before the court conducts an initial review of his Complaint. *See* 28 U.S.C. § 1915. For these reasons, Plaintiff's Return of Service forms (filing nos. 9, 15, 17, 18, 19, 20 and 21) are invalid.

## II.  INITIAL REVIEW OF COMPLAINT

### A.  Summary of Complaint

Plaintiff filed his initial Complaint in this matter on February 13, 2009, against the Daily Times Newspaper, the State of Wyoming, the State of Nebraska, Keith County, Nebraska, Carbon County, Wyoming and three individuals. (Filing No. 1 at CM/ECF p. 1.) Thereafter, Plaintiff filed several Supplements to his Complaint. (Filing Nos. 6, 10, 11 and 14.) On March 20, 2009, Plaintiff filed an Amended

Complaint.[1] (Filing No. 25.) Plaintiff is currently incarcerated in the Carbon County Jail in Rawlins, Wyoming. (Filing No. 34 at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that an Ogallala, Nebraska, Police officer illegally arrested him with a "bogus arrest warrant" from Carbon County, Wyoming. (Filing No. 25 at CM/ECF p. 2.) Carbon County issued the arrest warrant because Plaintiff failed to register as a sex offender pursuant to a Wyoming Statute, W.S. § 7-19-302(e). (Filing No. 1 at CM/ECF pp. 1, 5.) Plaintiff alleges this statute violates the Constitution. (*Id*. at CM/ECF p. 3; Filing No. 14 at CM/ECF pp. 1-2; Filing No. 28.)

After his arrest, Plaintiff was taken to the Keith County Jail where an inmate allegedly "tried to kill" him. (Filing No. 25 at CM/ECF p. 2.) Plaintiff sustained injuries to his "neck, upper back, right shoulder and right upper arm." (*Id*.) The Jail provided Plaintiff with pain medication, but it wore off "after 2-3 days" and he now has "continual pain." (*Id*. at CM/ECF p. 3) Plaintiff alleges that the Jail refused to give him more pain medication and failed to provide him with access to a law library. (Filing No. 1 at CM/ECF pp. 3-4.) Plaintiff seeks damages in the amount of $500,000.00 from each Defendant. (*Id*.) Plaintiff also asks the court to order Defendants to "cease and d[e]sist from harassing [him] about an . . . old case [that is] completely over with." (Filing No. 25 at CM/ECF p. 5.)

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

---

[1]For purposes of this Memorandum and Order, and in accordance with NECivR 15.1, the court will consider Plaintiff's Supplements (filing nos. 6, 10, 11 and 14) and his Amended Complaint (filing no. 25) as supplemental to, rather than superseding, his original Complaint (filing no. 1).

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

    **C.    Discussion of Claims**

        1.    Abstention

The abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971), provides that federal courts should abstain from hearing cases when there is an ongoing state

judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. *See* [Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005)](#); *see also* [Herrera v. Safir, 17 F. App'x 41, 42 (2d Cir. 2001)](#) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

Plaintiff's Complaint clearly alleges that there is a pending state court criminal proceeding against him. (Filing No. 10 at CM/ECF p. 12 (State of Nebraska Complaint); Filing No. 35 at CM/ECF pp. 6-23.) In addition, Plaintiff has not alleged that the state court proceeding will not provide him with an adequate opportunity to raise his federal constitutional claims. Further, Plaintiff has not alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record. Accordingly, this court will abstain from hearing any of Plaintiff's claims that relate to his ongoing state court proceeding. Because Plaintiff's claims against Defendants Daily Times Newspaper, State of Wyoming, Fruedenthal, Carbon County, Wyoming, State of Nebraska, Jerry Colson, and Carbon County Sheriff all relate to his ongoing state court proceeding, they must be dismissed. Defendant Daily Times Newspaper's Motion to dismiss (filing no. 24), and Defendant Carbon County, Wyoming and Defendant Jerry Colson's Motion to Dismiss (filing no. 37) are denied as moot.

### 2. Plaintiff's Claims Against Keith County, Nebraska

Although most of Plaintiff's claims relate to his ongoing state court proceeding, some of them do not. Specifically, the court liberally construes Plaintiff's Complaint to allege an access to courts claim and an Eighth Amendment claim against Keith County, Nebraska, which are unrelated to his ongoing state court proceeding.

As a municipal defendant, Keith County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff alleges that Keith County failed to provide him with access to a law library and refused to give him pain medication. (Filing No. 1 at CM/ECF pp. 3-4.) However, he does not allege that this conduct was part of a continuing or widespread pattern of unconstitutional misconduct. Moreover, he does not allege that Keith County's policy-making officials were deliberately indifferent to or tacitly authorized such conduct, or that a Keith County custom was the moving force behind

his injuries. Because of these omissions, Plaintiff has failed to allege a cognizable claim against Keith County under the *Jane Doe* standard. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim against Defendant Keith County upon which relief may be granted. Any amended complaint shall restate the allegations of Plaintiff's prior Complaints (filing nos. 1 and 25) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

### III. PLAINTIFF'S PENDING MOTIONS

Also pending before the court is Plaintiff's Motion for access to a typewriter. (Filing No. 8.) Plaintiff filed this Motion when he was incarcerated in the Keith County Jail. (*Id*.) Because Plaintiff is no longer incarcerated in the Keith County Jail, his motion is denied as moot.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants Daily Times Newspaper, State of Wyoming, Fruedenthal, Carbon County, Wyoming, State of Nebraska, Jerry Colson and Carbon County Sheriff are dismissed on abstention grounds.

2. Defendant Daily Times Newspaper's Motion to Dismiss (filing no. 24), and Defendant Carbon County, Wyoming, and Defendant Jerry Colson's Motion to Dismiss (filing no. 37) are denied as moot.

3. Defendant Keith County's Motion to Dismiss (filing no. 30) is dismissed without prejudice to reassertion after the amendment of the Complaint.

4. Plaintiff's Motion for an Order for access to a typewriter (filing no. 8), Motion for the Court to hear pleadings (filing no. 28), and Motion for information to

be heard (filing no. 35) are denied as moot.

5. Plaintiff shall have until **May 25, 2009**, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendant Keith County, Nebraska, in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant Keith County, Nebraska, will be dismissed without further notice.

6. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of his prior Complaints (filing nos. 1 and 25), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

7. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **May 25, 2009**.

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

9. Plaintiff's "Subpoenas" and related forms (filing Nos. 9, 15, 17, 18, 19, 20 and 21) are quashed.

April 23, 2009.            BY THE COURT:

                           *s/Richard G. Kopf*
                           United States District Judge