IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID C. FORNEY, | ) | 4:09CV3033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HINEMAN, Governor, and KEITH | ) | |
| COUNTY, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

  This matter is before the court on Plaintiff's Motion for Statement to be Entered (filing no. 40); Plaintiff's Motion for Copies (filing no. 41); Plaintiff's Motion to Amend (filing no. 42); Plaintiff's Motion for Summons (filing no. 47); Defendant Daily Times Newspaper's Motion to Dismiss (filing no. 45); and Defendant Carbon County Sheriff, Defendant Carbon County, Wyoming ("Carbon County"), and Defendant Jerry Colson's joint Motion to Dismiss (filing no. 43). For the reasons discussed below, Plaintiff's Motion for Statement to be entered is granted; all other pending motions are denied.

### *I.  BACKGROUND*

  Plaintiff filed his original Complaint in this matter on February 13, 2009 (filing no. 1), and an Amended Complaint on March 20, 2009 (filing no. 25). On April 23, 2009, the court conducted an initial review of Plaintiff's Amended Complaint. (Filing No. 39.) On initial review, the court determined that a state court criminal proceeding was pending against Plaintiff. The court chose to abstain from hearing any of Plaintiff's claims relating to his arrest or the ongoing state court proceeding. (*Id*. at CM/ECF pp. 4-5.) As a result, the court dismissed Plaintiff's claims against Defendants Daily Times Newspaper, State of Wyoming, Fruedenthal, Carbon County,

State of Nebraska, Jerry Colson, and Carbon County Sheriff. (*Id*. at CM/ECF p. 5.)

Although the court dismissed Plaintiff's claims against the majority of the Defendants in this matter, it liberally construed Plaintiff's Amended Complaint to allege an access to courts claim and an Eighth Amendment claim against Keith County, Nebraska. (*Id*.) However, because Keith County is a municipality, Plaintiff's allegations failed to state a claim upon which relief could be granted under *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990)*. (*Id*. at CM/ECF p. 7.) As a result, the court permitted Plaintiff 30 days to file a second amended complaint against Keith County.

On April 27, 2009, Plaintiff filed a Motion for Statement to be Entered. (Filing No. 40). Four days later he filed a Motion for Copies. (Filing No. 41.) And on May 18, 2009, Plaintiff filed his Second Amended Complaint, which the Clerk of court construed as a Motion to Amend. (Filing No. 42.) Defendants Carbon County Sheriff, Carbon County, Jerry Colson and Daily Times Newspaper responded to Plaintiff's Motion to Amend by filing Motions to Dismiss. (Filing Nos. 43 and 45.) Plaintiff has since filed a Motion for Summons and a Notice of Change of Address. (Filing Nos. 47 and 48.) In his Notice of Change of Address, Plaintiff alleges that the Carbon County court dropped the pending state criminal charges against him. (Filing No. 48 at CM/ECF p. 1.) The court will now explore Plaintiff's motions and the implications of Plaintiff's Notice of Change of Address.

## II. PENDING MOTIONS

### A. Plaintiff's Motion for Statement to be Entered

On April 27, 2009, Plaintiff filed a Motion for Statement to be Entered. (Filing No. 40.) The court construes this motion as a Motion to Supplement Plaintiff's Amended Complaint. Under the local rules, the court may consider a pro se

plaintiff's amended pleadings "as supplemental to, rather than as superseding, the original pleading." NECivR 15.1. Therefore, Plaintiff's Motion to Supplement is granted and the court will consider Plaintiff's Motion (filing no. 40) as supplemental to, rather than superseding, his Amended Complaint (filing no. 25).

### B. Plaintiff's Motion for Copies

Plaintiff also filed a Motion for Copies. (Filing No. 41.) However, the statutory right to proceed in forma pauperis does not include the right to receive copies of documents without payment. 28 U.S.C. § 1915; *see also* *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). Accordingly, Plaintiff's Motion for Copies is denied. If Plaintiff requires copies of court documents, he should contact the Clerk of the court to determine the proper method of requesting and paying for copies.

### C. Plaintiff's Notice of Change of Address and the Remaining Motions.

On August 24, 2009, Plaintiff filed a Notice of Change of Address. (Filing No. 48.) In this Notice, Plaintiff alleges that the Carbon County court dropped the pending state criminal charges against him. (*Id*. at CM/ECF p. 1.) Consequently, it is no longer clear whether the court should abstain from hearing Plaintiff's claims because a state court criminal proceeding is pending against him.

In light of this, and on its own motion, the court will permit Plaintiff 30 days to submit some proof that a state court criminal proceeding is no longer pending against him. In addition, the court will permit Plaintiff 30 days to file a totally new

complaint. In the event that Plaintiff chooses to file a totally new amended complaint, Plaintiff shall restate his prior allegations and any new allegations. Plaintiff shall allege his claims against each Defendant separately and all claims shall be consolidated into one document. Plaintiff is warned that failing to comply with this Memorandum and Order may result in the dismissal of his claims without further notice.

Because the court is permitting Plaintiff an opportunity to amend his complaint, the remaining pending motions are moot. Accordingly, Plaintiff's Motion to Amend (filing no. 42); Plaintiff's Motion for Summons (filing no. 47); Defendant Daily Times Newspaper's Motion to Dismiss (filing no. 45); and Defendants Carbon County Sheriff, Carbon County, and Jerry Colson's joint Motion to Dismiss (filing no. 43) are denied as moot. However, the Court notes that Defendants Daily Times Newspaper, Carbon County Sheriff, Carbon County, and Jerry Colson have not yet been properly served with summons. <u>The Plaintiff shall not endeavor to summons any party until given leave to do so by the court.</u>

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Supplement (filing no. 40), is granted.

2. Plaintiff's Motion for Copies (filing no. 41) is denied.

3. Plaintiff's Motion to Amend (filing no. 42); Plaintiff's Motion for Summons (filing no. 47); Defendant Daily Times Newspaper's Motion to Dismiss (filing no. 45); and Defendants Carbon County Sheriff, Carbon County, and Jerry Colson's joint Motion to Dismiss (filing no. 43) are denied as moot.

4. The Plaintiff is given leave to file a totally new amended complaint by October 23, 2009. In the event that Plaintiff chooses to file a totally new amended

complaint, Plaintiff shall restate his prior allegations and any new allegations. Each allegation shall be alleged against each Defendant separately and all claims shall be consolidated into one document. Plaintiff is warned that failing to comply with this Memorandum and Order may result in the dismissal of his claims without further notice.

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **October 23, 2009**.

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

7. <u>The Plaintiff shall not attempt to summons any party until permitted to do so by the court.</u>

September 23, 2009.    BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

-5-