IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID C. FORNEY, | ) | 4:09CV3033 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HINEMAN, Governor, and KEITH | ) | |
| COUNTY, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. Also pending is Defendant Keith County, Nebraska's ("Keith County") Motion to Dismiss. (Filing No. 51.)

## *I. BACKGROUND*

Plaintiff filed his original Complaint in this matter on February 13, 2009 (filing no. 1) and an Amended Complaint on March 20, 2009 (filing no. 25). On April 23, 2009, the court conducted an initial review of Plaintiff's Amended Complaint. (Filing No. 39.) On initial review, the court determined that there was an ongoing state court proceeding related to Plaintiff's arrest. The court chose to abstain from hearing any of Plaintiff's claims relating to his arrest or the ongoing state court proceeding. (*Id*. at CM/ECF pp. 4-5.) As a result, the court dismissed Plaintiff's claims against Defendants Daily Times Newspaper, State of Wyoming, Fruedenthal, Carbon County, State of Nebraska, Jerry Colson, and Carbon County Sheriff. (*Id*. at CM/ECF p. 5.)

Although the court dismissed Plaintiff's claims against the majority of the Defendants in this matter, it liberally construed Plaintiff's Amended Complaint to allege an access to courts claim and an Eighth Amendment claim against Keith

-1-

County, Nebraska. (*Id*.) However, because Keith County is a municipality, Plaintiff's allegations failed to state a claim upon which relief could be granted under *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County,* 901 F.2d 642, 646 (8th Cir. 1990). (*Id*. at CM/ECF p. 7.) As a result, the court permitted Plaintiff 30 days to file a second amended complaint against Keith County.

On May 18, 2009, Plaintiff filed his Second Amended Complaint. (Filing No. 42.) Thereafter, Plaintiff filed a Notice of Change of Address. (Filing No. 48.) In his Notice of Change of Address, Plaintiff alleged that the Carbon County court dropped the pending state criminal charges against him. (Filing No. 48 at CM/ECF p. 1.) Because it was unclear whether the court should continue to abstain from hearing Plaintiff's claims related to his arrest, the court granted Plaintiff an additional 30 days to submit some proof that the state court criminal proceeding was no longer pending against him. (Filing No. 49 at CM/ECF pp. 4-5.)

On October 16, 2009, Plaintiff filed a 217-page Third Amended Complaint. (Filing No. 50.) The court now reviews Plaintiff's Third Amended Complaint to determine whether it should continue to abstain from hearing Plaintiff's claims related to his arrest and whether Plaintiff has alleged sufficient facts to state a claim against Keith County.

## II. PLAINTIFF'S THIRD AMENDED COMPLAINT

In his Third Amended Complaint Plaintiff alleges that the state court criminal proceeding against him has ended and that the Carbon County Jail has released him. (Filing No. 50 at CM/ECF pp. 2-3.) The Carbon County Jail released Plaintiff after he was forced to plead "no contest" to a charge of failing "to Register as a Sex Offender" under Wyoming Law. (*Id*. at CM/ECF pp. 2-5.) Plaintiff alleges this law is unconstitutional and that his arrest resulted from a "bogus arrest warrant." (*Id*. at CM/ECF pp. 26, 69, 76, 104, 108, 142, 153, 172, 175, 179.)

In addition, Plaintiff clarifies his claims against Keith County. (*Id*. at CM/ECF pp. 139-68.) The majority of these claims relate to Plaintiff's arrest. (*Id*.) However, Plaintiff also alleges that while he was in Keith County's custody, he was attacked by another inmate and denied access to the courts. (*Id*. at CM/ECF pp. 141, 147.)

### III. DISCUSSION

### A. Claims Relating to Plaintiff's Arrest and Conviction

Claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973), and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. *See Heck*, 512 U.S. at 486-87.

Here, Plaintiff alleges that he was arrested on a "bogus" warrant and forced to plead "no contest" to failing "to Register as a Sex Offender" under an unconstitutional Wyoming Law. (Filing No. 50 at CM/ECF pp. 2-5, 26, 69, 76, 104, 108, 142, 153, 172, 175, 179.) These allegations necessarily implicate the validity of Plaintiff's conviction. As set forth above, the court cannot address these claims in an action brought pursuant to 42 U.S.C. § 1983. However, the court will dismiss Plaintiff's claims related to his arrest and conviction without prejudice to reassertion in a habeas corpus or similar proceeding.

**B.     Plaintiff's Claims Against Keith County**

Liberally construed, Plaintiff's Third Amended Complaint still alleges an access to courts claim and an Eighth Amendment claim against Keith County, Nebraska. (Filing No. 50 at CM/ECF pp. 141, 147.) However, as the court previously informed Plaintiff, Keith County is a municipal defendant. As a municipal defendant, Keith County may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)  Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)  That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

As in his prior Complaints, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Keith County's employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct for his access to courts and Eighth Amendment claims. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his access to courts and Eighth Amendment related injures. Because of these failures, Plaintiff's access to courts and Eighth Amendment claims against Keith County must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims relating to his arrest and conviction against Defendants Daily Times Newspaper, State of Wyoming, Fruedenthal, Carbon County, State of Nebraska, "Hineman," Keith County, Jerry Colson and Carbon County Sheriff are dismissed without prejudice to reassertion in a habeas corpus or similar proceeding.

2. In accordance with this Memorandum and Order and the court's April 23, 2009 Memorandum and Order, Plaintiff's access to courts and Eighth Amendment claims against Keith County are dismissed without prejudice for failure to state a claim upon which relief may be granted.

3. Defendant Keith County's Motion to Dismiss (filing no. 51) is denied as moot.

4. A separate Judgment will be entered in accordance with this Memorandum and Order.

December 2, 2009.                BY THE COURT:

                                *Richard G. Kopf*
                                United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.